

ATTORNEYS & COUNSELORS

CLIFFORD M. GREENE
DIRECT DIAL NO. (612) 373-8341
CGREENE@GREENEESPEL.COM

October 6, 2009

## *VIA ELECTRONIC FILING*

Honorable Freda L. Wolfson, U.S.D.J.
United States District Court
Clarkson S. Fisher Federal Building
 and U.S. Courthouse
402 East State Street, Room 5050
Trenton, New Jersey 08608

> Re: *Graco v. PMC:* Supplemental Evidence In Support of Preliminary Injunction
> Court File No. 3:08-cv-01394 (FLW/DEA)
> Our File No. 2942-0003

Dear Judge Wolfson:

In recent days, Graco has learned of new information that is pertinent to its June 13, 2009 Motion for Preliminary Injunction against all Defendants. Specifically, Defendant Gama Machinery USA, Inc. ("Gama USA") is no longer a mere "distributor" of goods manufactured by Defendant Garraf Maquinaria, S.A. in Spain. To the contrary, Gama USA is now *directly manufacturing spray-foam equipment in the United States.* In order to promote these products, Gama USA is purposefully associating them with Gusmer products. Gama USA's products look similar to legacy Gusmer units. And Gama USA is advertising this product line *in the United States* as an "update" to a past "ICON," and is claiming to have "more than 20 years experience" in the industry. Gama USA is doing this against the advice of its former president, Denis Commette, who previously *canceled* exactly such an advertising campaign because it was "just too close to a product that used to be Gusmer's."

This new evidence is relevant to the Court's consideration of Graco's pending Motion and further illustrates the importance of obtaining preliminary relief. Graco therefore supplements the evidentiary record in support of its Motion.

## I. The New Evidence

On or about October 2, 2009, Defendant Gama Machinery USA, Inc. ("Gama USA") issued a press release, which has appeared in industry publications. *See* Exhibit A ("October 2 Release"). The October 2 Release announces Gama USA's launch of a new hydraulic proportioner and spray gun called the "CLASSIC GH Series." In the release, Gama USA's VP of Sales and Marketing, Bill Hrynkiewicz, describes the product in ways that suggest it is the

continuation of Gusmer product lines that the PMC Defendants sold to Graco in 2005. Mr. Hrynkiewicz states as follows:

> Gama upholds a policy of designing equipment with the customer in mind, so when we asked our distributors and veteran contractors the question "What do you change and what do you keep the same when it's time to update an ICON?" – The resounding response was go "Back to Basics."

The October 2 Release also repeats Gama USA's previous claims that it has "[m]ore than 20 years experience in the urethane industry." *Id.* That claim would only be true if Gama USA were the continuation of Gusmer. But it is not. Graco, not Gama USA, acquired the title of Gusmer's successor upon purchasing Gusmer from the PMC Defendants for $65 million.

In connection with the October 2 Release, Gama USA showed the "CLASSIC GH Series" at a trade show hosted by the Insulation Contractors Association of America ("ICAA") in Tucson, Arizona. Photographs of Gama USA's booth at the ICAA show are attached as Exhibit B. *See also* Exh. F (Gama marketing brochure from ICAA). The booth further enhances the impression of an affiliation between Gama USA and Gusmer by prominently displaying Gama USA's street address as follows:

> Gama Machinery USA, Inc
> **2 Gusmer Drive**
> Lakewood, NJ

Gama displayed this address (which is the address of a manufacturing facility) in large font, even though Gama's contact address in other materials is Gama's actual headquarters location:

> Gama Machinery USA, Inc.
> **55 La France Ave.**
> Bloomfield, NJ

*See also* Exhibit C (Gama website (www.gama-usa.com/contact.html) stating LaFrance Ave. is Gama's contact address). The two locations are more than sixty miles apart. The only possible reason why Gama USA would highlight the "Gusmer Drive" address in its trade show materials is to highlight the historical connection to Gusmer. But Graco purchased the exclusive right to trade on that history and name in 2005.

The October 2 Release and trade show materials also claim, for the first time, that Gama USA's machines are "Made in the USA." *See* Exhibits A & B.

## II. The Significance of the New Evidence

Although this evidence was in Defendants' possession, it was not disclosed by them, either through discovery or in their Opposition to Graco's Motion for a Preliminary Injunction. Instead Graco has been required to come forth with this new evidence that contradicts and undermines the arguments made by Defendants in their Opposition brief:

*Defendants argued that there was no evidence of actual or likely confusion.* See Defs. Opposition to Graco's Motion for Preliminary Injunction at 31-32 [ECF No. 166] ("Defs. PI Response"). The October 2 Release eliminates any doubt that Defendants are trying to capitalize on the impression that Gama USA is the successor to Gusmer. But the Court does not have to take Graco's word for it. Through discovery, Gama USA produced a copy of a draft press release that is almost *identical* to the October 2 Release. *See* Exhibit D ("Draft Release" Deposition Exhibit 135 (GAMA00002950)). Gama USA's former president and current consultant Denis Commette testified that Mr. Hrynkiewicz prepared and proposed that press release for use at a January 2009 trade show. Mr. Commette canceled that release because he *"thought it was just too close to a product that used to be Gusmer's."* Exhibit E (Commette Tr. at 350 – 354) (emphasis added)). Mr. Commette's concern was well-founded, but it apparently did not stop Gama USA from later issuing that press release to the public on October 2.[1]

*Defendants argued that only Gama China (a non-party Chinese subsidiary) and certain independent distributors made misleading statements suggesting a connection to Gusmer.* Defs. PI Response at 31. They argued that "Graco must prove 'that the *defendant* has made false or misleading statements.'... It cannot." Of course, there can now be no dispute that *Defendant Gama USA* is itself making the misleading statements in the October 2 press release, which is precisely the sort of statement that Graco seeks to enjoin.

*Defendants argued that that the Lanham Act does not apply because the relevant promotional statements were not interstate commerce and that "[f]oreign statements, by foreign non-parties, about foreign products, for foreign markets are irrelevant. Id.* at 33. As Graco stated in its reply, the relevant issue is not the location of the speech, but the close nexus between Defendants' *commercial activities* and interstate commerce. Pls. Reply Memo. at 12-14 [ECF No. 173]. To whatever extent the location of the misleading speech is relevant, however, the

---

[1] The "CLASSIC GH Series" equipment looks very similar to legacy Gusmer equipment. It is apparently being manufactured at a legacy Gusmer facility in New Jersey. Depending upon the technology this "new" equipment contains, the "CLASSIC GH Series" may also represent a further misappropriation of Graco's trade secrets. Since Defendants have produced no information in discovery about the inner workings of this new equipment, that remains to be seen.

new evidence shows that Gama USA—a New Jersey company—is itself making misleading statements *in American trade publications and at U.S. trade shows*. The relevance of these activities is clear, as is the Court's authority to enjoin them.

Furthermore, the October 2 Release and trade show booth claim—for the first time—that Gama USA is manufacturing its products *in the United States*. In discovery, Defendants have claimed that all of their products are manufactured by Defendant Garraf Maquinaria, S.A. in Spain, with certain component parts manufactured by Gama China. Gama USA has either misrepresented the geographic origin of its products in discovery, or it is falsely designating the origin of products to the public. If it is the former, Gama USA has violated the rules of discovery. If the latter, it is further evidence that Defendants are violating the Lanham Act. *See* 22 U.S.C. § 1125(a)(1)(B) (prohibiting false or misleading representations regarding "geographic origin" of goods).

\* \* \*

Gama USA's new advertising campaign has the same purpose as *all* of Defendants' promotions: to create, enhance, and capitalize on consumers' false perception that Gama USA is the continuation of Gusmer, and that Gama USA's product line is an "update" of the "iconic" and "classic" Gusmer H series proportioners and guns. Such activities violate Graco's rights under the Lanham Act and as the purchaser of a business under New Jersey common law.

For these reasons, and for the reasons discussed in Graco's previous filings in support of its Motion for Preliminary Injunction, Defendants should be immediately enjoined from continuing to make false and misleading statements that suggest a continuing or past affiliation with Gusmer.

Very truly yours,

Clifford M. Greene

CMG

Enclosures

c: Honorable Douglas E. Arpert
David S. Bloch (via email)
William H. Trousdale (via email)
Brian M. English (via email)
Steven M. Kaplan (via email)