## WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 214 NORTH TRYON STREET<br>CHARLOTTE, NORTH CAROLINA 28202-1078 | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5802 | 4 STASOVOY ULITSA<br>119071 MOSCOW, RUSSIAN FEDERATION |
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | (415) 591-1000 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | FACSIMILE (415) 591-1400 | ONE RIVERFRONT PLAZA<br>NEWARK, NEW JERSEY 07102-5401 |
| 11TH FLOOR, GLOUCESTER TOWER,<br>THE LANDMARK, 15 QUEEN'S ROAD CENTRAL<br>HONG KONG | www.winston.com | 25 AVENUE MARCEAU<br>CS 31621<br>75773 PARIS CEDEX 16 |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |
| 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | | |

DAVID S. BLOCH

(415) 591-1452
dbloch@winston.com

October 7, 2009
Via e-filing & U.S. Mail

Honorable Freda L. Wolfson
U.S. District Court
District of New Jersey
402 East State Street
Room 2020
Trenton, NJ 08608

Re: *Graco, Inc. v. PMC Global, Inc., et al.* (Case No. 08-CV-1304)

Dear Judge Wolfson:

We are counsel to defendants-counterclaimants Gama, the PMC entities, and Dennis Commette. We write to briefly respond to Mr. Greene's letter of October 6.

It is true that, in light of Garraf's decision to exit the U.S. market – a decision caused entirely by Graco's abusive litigation tactics; *see* Dkt. 177 – Gama has begun manufacturing spray foam equipment of its own. The new Gama product line was developed entirely independently of Gusmer or Graco. Gama does not possess any Gusmer schematics or technical documents.

Graco's letter essentially complains that Gama should not be permitted to tout the long experience of its employees in the spray foam industry. But the truth is that Gama's employees *have* worked in the spray foam industry for decades, *did* develop many of Gusmer's (now-discontinued) product lines, and none of the defendants are subject to any non-compete obligations. *See* Dkt. 81. A former employee is never prohibited from stating his prior affiliation and employment history. *See, e.g., Playboy Enterprises, Inc. v. Welles*, 279 F.3d 796 (9th Cir. 2002). And Graco's claim that Gama's statement in a press release that its new product line was going "Back to Basics" somehow improperly suggests that Gama is continuing the

SF:263452.2

Judge Freda Wolfson
October 7, 2009
Page 2

Gusmer product line is objectively frivolous. Similarly, Graco makes much of the fact that Gama identifies its manufacturing facility as "2 Gusmer Drive." The simple fact is, Gama's manufacturing facility *is* at 2 Gusmer Drive, the only postal address for that location. If Graco believes that the businesses and residents of Gusmer Drive are somehow infringing its rights by using their addresses, it should take up the issue with the city of Lakewood, NJ.

Finally, we cannot allow to go unremarked the insinuation that we have somehow violated our discovery obligations. Gama's new equipment is made in the U.S.A. and has been on sale for less than two weeks; the press release Graco complains about was issued only four days before Graco's letter. The defendants will supplement their discovery responses in due course, as both sides have done throughout this case. And once Graco realizes that the new Gama machines have nothing to do with Graco's alleged intellectual property rights, it will have no choice but to withdraw this lawsuit, cease its misconduct, and try to meet its new competitor fairly in the marketplace.

Yours very truly,

David S. Bloch

cc:   William Trousdale
      Karen Confoy
      Steven Kaplan
      Brian English
      Tim Rooney
      Clifford Greene