**STERNS & WEINROTH, P.C.**
50 West State Street, Suite 1400
Trenton, New Jersey 08610
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for Plaintiffs and Counterclaim Defendants*
  *Graco Inc. and Graco Minnesota Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Graco Inc., a Minnesota Corporation; Graco Minnesota Inc., a Minnesota Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> PMC Global, Inc., et al. <br><br> Defendants. <br><br> Denis S. Commette, et al. <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> Graco Inc., et al. <br><br> Counterclaim Defendants. | Civil Action No. 08-CV-01304 (FLW) (DEA) <br><br> **DOCUMENT FILED ELECTRONICALLY** <br><br> **FED. R. CIV. P. 56(f) AFFIDAVIT OF CLIFFORD M. GREENE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |

STATE OF MINNESOTA   )
                     ) SS
COUNTY OF HENNEPIN   )

Clifford M. Greene, being duly sworn, states as follows:

1. I am an attorney at Greene Espel P.L.L.P., 200 South Sixth Street, Suite 1200, Minneapolis, Minnesota, and one of the counsel for Plaintiffs Graco Inc. and Graco Minnesota, Inc. ("Plaintiffs" and/or "Graco").

2. This Affidavit is submitted pursuant to Fed. R. Civ. P. 56(f) in response to Defendants' Motions for Partial Summary Judgment [ECF Nos. 273 & 298].

3. Graco has been diligent in its discovery efforts. Graco served initial written discovery in this matter on October 17, 2008—the date on which parties agreed that discovery could begin. Discovery has been stayed once in this action during the pendency of the parties' Motions to Dismiss. *See* ECF No. 77 (Order Granting in Part and Denying in Part Defendants' Motion to Stay Discovery).

4. During the discovery period, Graco has served additional written discovery and has taken numerous depositions, including depositions of the following individuals:

- Former Graco/Gusmer employee and current Gama Vice President of Sales and Marketing, Bill Hrynkiewicz (both in his individual capacity and as one of Defendants' Rule 30(b)(6) witnesses);

- Former Graco/Gusmer executive, former Gama USA President, and current Gama USA "consultant," Defendant Denis Commette;

- The business broker PMC retained to assist it with the sale of Gusmer, Greif & Co (Lloyd Greif);

- PMC Chief Executive Officer Phil Kamins and Gama USA Chairman of the Board, Phil Kamins;

- Current Gama USA president, Robert Scher;

- Defendants' consultant, Brent Lucas;

- Former Graco/Gusmer employee and current Gama employee, Frank Sica;

- PMC and Gama USA Chief Financial Officer, T.C. Cheong (both in his individual capacity and as one of Defendants' Rule 30(b)(6) witnesses);

- PMC President and Gama USA Chief Executive Officer Gary Kamins; and

- Third-party equipment and component part manufacturer, Mark Daugherty.

5. The most recent PMC executive depositions were not taken until early March to accommodate the executives' world travel schedules.

6. The fact discovery deadline in this matter is not until July 30, 2010 and the expert discovery deadline is November 19, 2010, with affirmative expert reports not due until October 1, 2010. ECF No. 269 (Mar. 3, 2010 Scheduling Order).

7. Given these deadlines and Defendants' resistance to discovery efforts, Graco: (a) has discovery disputes pending before the Court; (b) has identified serious gaps in Defendants' document production and other disputes that have yet to be presented to the Court; (c) has yet to take several important depositions; and (d) has not been able to provide complete information to its experts for their analyses. Each of these facts has prevented Graco from offering a full and complete response to Defendants' Motions for Partial Summary Judgment.

8. **Discovery Disputes**. There are several discovery disputes presently pending before Magistrate Judge Arpert. These include the following:

- The Deposition of Jerry Wu. Graco has noticed the deposition of Jerry Wu, but Defendants have refused to produce him pursuant to that notice. Mr. Wu is a former Gusmer employee who is now employed as the general manager of Gama China, which is a division of PMC subsidiary PMC Science-Tech Industries (Nanjing) Co., Ltd. Among other things, Mr. Wu possesses relevant information regarding the development of Defendants' products, the relationships between Defendants, and Defendants' marketing efforts—all of which are matters relevant to the present motions. *See* ECF Nos. 271, 285, 297.

- Discovery Regarding Royo. Graco has served Requests for Admission seeking information regarding, among other things,

> Royo's activities related to Defendants' solicitations of customers and his involvement with Graco/Gusmer employees while those employees (and Royo himself) were employed by Graco/Gusmer. This information is directly relevant to Defendants' arguments in their motions, including their argument that Graco has failed to show tortious interference with Graco's contractual relationships and that Defendants had no knowledge of the manufacturing and other activities of Defendant Garraf Maquinaria, S.A. ("Garraf") for which Royo most directly worked. *See* ECF Nos. 255, 283, 293.
> 
> - <u>Discovery Regarding Gama China</u>. Despite prior rulings from Magistrate Judge Hughes on this point, Defendants have refused to produce all relevant documents in their possession regarding Gama China. Among other activities, Gama China is selling equipment manufactured by Garraf—equipment that Graco alleges to incorporate misappropriated trade secrets. █████████████ ███████████████████████████████████ █████ *See* Ex. F to 3/5/10 Krueger Decl. [Doc. 272-12]. Gama China is also publicizing false information regarding an affiliation between Gama and Gusmer, and PMC, as its parent, is directly reaping profits from this unlawful activity. These activities

and misstatements are relevant to Graco's arguments in opposition to the present motions. *See* ECF Nos. 255, 283, 293.

- <u>Discovery Regarding Defendants' New Equipment</u>. Defendants have refused to produce long-requested documents and information regarding the products that Gama USA is manufacturing and selling. Graco propounded this discovery in its initial set of written requests. Specifically, Defendants have refused to produce documents, such as engineering drawings, cost estimates, research and development records, and sales plans, regarding this equipment. The documents and information Graco has gathered from third-party witnesses undermines the veracity of Defendants' claims that these products were "clean-room designed." Graco seeks information that is directly relevant to its claim that Defendants misappropriated Graco's trade secrets—a claim that Defendants seek to dismiss on summary judgment. *See* ECF Nos. 255, 283, 293.

9. **Gaps and Deficiencies in Document Production**. Graco has also identified gaps and deficiencies in Defendants document production that, given a now-apparent impasse with Defendants, will need to be presented to Magistrate Judge Arpert. These gaps and deficiencies became increasingly evident following the March depositions of PMC executives Gary Kamins and T.C. Cheong.

10. There are numerous significant gaps in the Defendants' document production, especially with regard to the planning of the Gama venture and the formation and definition of the relationships among the parties.

11. These documents have been requested in written discovery and have been the subject of repeated requests in correspondence, at depositions, and during meet and confers between counsel.

12. In early March (before Defendants filed their summary judgment motions), PMC and Gama USA Chief Financial Officer T.C. Cheong testified in his deposition that responsive documents not yet produced were likely located in the legal department. *See* Ex. O to Declaration of Clifford M. Greene in Opposition to Defendants' Motions for Partial Summary Judgment ("Greene Decl."). (Cheong Dep. at 288-89).

13. Defense counsel agreed to search for these documents. When the transcript of these depositions was received, I sent defense counsel a list of the various requests for documents correlated to deposition page. Attached hereto as Exhibit A is a true and correct copy of the letter I sent to Defense Counsel David Bloch on or about April 6, 2010.

14. On April 14, 2010, defense counsel responded to this correspondence, indicating that some additional documents had been located and would be produced, and denying the existence of other categories of documents. Attached

hereto as Exhibit B is a true and correct copy of the letter I received from Defense Counsel David Bloch on or about April 14, 2010.

15. As a result of defense counsel's April 14, 2010 correspondence, it is apparent that informal "meet and confer" efforts to address document production deficiencies have been exhausted. Defendants' compliance will be presented to Magistrate Judge Arpert, pending completion of the Rule 30(b)(6) deposition of the witness Defendants have designated to testify regarding their document collection and preservation.

16. Below is a small sample of the many gaps in the Defendants' document production.



| |
|---|
| ███████████████████████████████████████<br>Ex. AA to Greene Decl. (Dep. Ex. 437). |
| • Defendants have produced no correspondence, email, or other communication from any PMC representative documenting their immediately subsequent efforts ██████████ ██████ To the extent the PMC Defendants contend that this initiative was reconsidered or ultimately abandoned, there are no PMC documents to that effect. |

▮▮▮ Ex. CC to Greene Decl. (Dep. Ex. 458). ▮▮▮ (Dep. Ex. 459).

- Other than this email, PMC has produced no documents regarding that meeting, whether generated before, during, or after it. (Not even documents regarding the scheduling and logistics for that meeting have been produced.)

▮▮▮ Ex. BB to Greene Decl. (Dep. Ex. 460).

- Conspicuously absent are emails responding to this exchange, or further addressing PMC's evaluation of or actions with respect to ▮ ▮▮▮

▮▮▮

- There is not one document produced addressing that decision or the

9

| decision-making process, or the communication of that decision to persons outside PMC. |
|---|

| The Defendants contend that their formation of Gama USA in 2007 was an innocent competitive endeavor. |
|---|
| • There are no documents regarding any planning for the business before the incorporation of Gama USA in July 2007. |
| • Furthermore, the PMC Defendants have produced no documents regarding the official engagement of Denis Commette as president of Gama USA, the scope of his duties, or his priorities. |

| Gama USA describes itself as the "Master Distributor" for Gama equipment manufactured by Garraf. Ex. NN to Greene Decl. (Dep. Ex. 381). |
|---|
| • There are no documents documenting this relationship, such as formal distributorship agreements or informal exchanges of correspondence or email. (In his April 14, 2010 correspondence, defense counsel represents that this relationship was never documented but rather was entered into on a "handshake" basis. *See* Ex. B attached hereto.) |

17. Graco subpoenaed documents from several third parties involved with Defendants, including Doug Commette and his companies (SprayFoam.com, Inc., and Digital Intent, Inc.). Doug Commette, who is the son of Defendant Denis

Commette, was President of Gusmer when Gusmer was owned by PMC. Doug Commette was represented by defense counsel until April 29, 2010. █

█████████████████████████████████████
█████████████████████████████████████
█████████████████████████████████████
████████████████████

18. Doug Commette produced numerous communications with the Defendants that Defendants did not similarly produce, despite the fact that such correspondence is called for by Graco's discovery requests to Defendants.

- *See, e.g.*, SF00000543 (a true and correct copy of which is attached hereto as Ex. C) ██████████████████
████████████████████████████
██████████████████████ Ex. X
to Greene Decl. (Dep. Ex. 428 ████████████
████████████████████████████
████████████████████████████
████████████████████████████ Dep. Ex. 468 (a true and correct copy of which is attached hereto as Ex. D) ████
████████████████████

█████████████

19.   Defendants' reasons for not producing documents such as the above will be the subject of the upcoming Rule 30(b)(6) deposition on document collection and preservation.

20.   Moreover, the production by Doug Commette and his companies remains incomplete, and Graco has sought to obtain complete productions from their counsel. *See, e.g.*, March 16, 2010 letter to defense counsel regarding missing attachments from third-party Doug Commette and his companies (a true and correct copy of which is attached hereto as Ex. E). Doug Commette and his companies have yet to address these deficiencies, and I am currently working with Mr. Commette's newly-appointed counsel to obtain these documents.

21.   Graco has also subpoenaed nonparties: (a) Brent Lucas and his company (LucDesigns), which were hired by Defendants to assist them in this litigation and to assist with the development of Gama's new product line; and (b) MDI Manufacturing, Inc., a machine shop based in New Jersey that worked with Gusmer for many years to make components and spare parts for many Gusmer products and that worked with Defendants to create spare parts and develop their Gama Classic proportioner line. LucDesigns and MDI Manufacturing have produced correspondence between themselves and Defendants regarding this

litigation and product development, but Defendants have failed to produce corresponding copies of many of these documents, despite the fact that such documents are called for by Graco's Requests for Production of Documents.

22. Defendants' reasons for not producing such corresponding documents will be the subject of the upcoming Rule 30(b)(6) deposition on document collection and preservation.

23. The production by LucDesigns is not yet complete, and Graco has sought to obtain a complete production. By way of example, many attachments to emails are missing. *See, e.g.*, LUCD02624 (a true and correct copy of which is attached hereto as Ex. F) (███████████████████████████████████████████████████████████████████████████████████████) Neither of these attached emails—presumably from Gama President Scher, and Gama "consultant" Commette—has been produced, and Lucas's correspondence to both Mr. Bloch and Mr. Oh has been redacted despite the lack of attorney-client relationship between the parties).

24. Graco has written letters to defense counsel requesting that LucDesigns produce missing attachments. *See, e.g.*, January 8, 2010 letter from Beth Krueger to David Bloch and Brian English, a true and correct copy is attached hereto as Ex. G; *see also* Ex. E (Mar. 16, 2010 letter to defense counsel regarding

13

outstanding issues with LucDesigns production). Graco has not yet received all the requested attachments.

25. Defendants continue to produce relevant documents in response to Graco's outstanding discovery. On April 30, 2010, only one business day before Graco filed its responses to the instant motions for partial summary judgment, Defendants produced 900 pages of new documents containing, among other things, emails regarding customers' reactions to Gama and Defendants' representations to customers that Gama parts are identical to Graco/Gusmer parts.

26. The parties have not yet reached a stage where privilege designations are complete. But due to the apparent gaps in production, Graco has notified the Defendants of its concern with respect to privilege designations. *See* Ex. A (April 6, 2010 letter to Bloch related to follow-up from Cheong and Kamins depositions, including request to identify any allegedly privileged documents being withheld). Whether the PMC Defendants have properly withheld documents as privileged is not yet ripe. Graco has not had the ability to review the majority of Defendants' privilege designations. Graco will challenge any designations it believes have been improperly made.

27. **Outstanding Depositions**. The Doug Commette deposition has been long-delayed due to Doug Commette's limited availability. Graco confirmed its intention to depose Doug Commette on March 3, 2010. It did so after receiving a

February 24, 2010 production of documents from Doug Commette and his companies showing his extensive involvement in Defendants' initial phase of planning their competing enterprise.

28. After defense counsel advised Graco that Doug Commette would be available beginning the week of April 26 for his deposition, Graco served a subpoena for an April 27 deposition. Defense counsel then contradicted prior representations regarding Doug Commette's availability, asserting that he was no longer available until the week of May 3—*after* Graco's summary judgment response briefs were due. Magistrate Judge Arpert has been advised of the difficulties Graco has had in obtaining this deposition in a timely fashion. If a new date cannot be agreed to in the near future, Graco will seek relief from the Court. I am currently working with Commette's new counsel to reschedule.

29. Graco has also issued a subpoena to the newly-formed entity Gama North America, which recently announced its formation as the new distributor for Gama products manufactured by Garraf in Spain. This deposition is important because Garraf has previously represented to this Court that it was withdrawing from the U.S. market and has defaulted. This deposition may elicit information about Garraf, its relationships with Defendants, its current activities, and its intentions regarding its products, including whether it continues to sell products

incorporating misappropriated technology through PMC's Chinese subsidiary, Gama China.

30. In addition, depositions of Defendants' Rule 30(b)(6) witnesses have not yet concluded, including Defendants' Rule 30(b)(6) witnesses related to (1) the accounting and finances; (2) the relationships among the parties; (3) the Gusmer acquisition; and (4) their document collection and preservation efforts.

31. The Rule 30(b)(6) deposition of Defendants' document collection and preservation witness is currently scheduled for May 19, 2010. Graco has now obtained a significant production from Defendants, and are at a point to challenge gaps in that production through this deposition, many of which are discussed above. This deposition will enable Graco to determine the reasons for numerous gaps and will ripen this issue for presentation to Magistrate Judge Arpert.

32. **Expert Discovery**. The Court recently set a deadline of October 1, 2010 for the parties to disclose affirmative experts and reports. ECF No. 269 (Mar. 3, 2010 Scheduling Order). Graco therefore has no obligation to identify its experts for another five months.

33. Despite this, in order to provide the Court with more complete understanding of the issues in this case, Graco has submitted the declarations of two expert witnesses, Dr. James G. Rice and Mr. Richard E. Mainey, in support of its Response to Defendants' Motion for Summary Judgment Regarding Plaintiffs'

Alleged Trade Secrets. Among other things, Dr. Rice has opined on a number of issues, including the unique nature of Graco's and Gusmer's trade secrets, the evidence indicating the Defendants' misappropriation of those trade secrets, and the ability of Defendants (or anyone else) to reverse engineer the products at issue in this case. Mr. Mainey has opined about the reasonableness of measures taken by Graco and Gusmer to protect the secrecy of their confidential technical and business information.

34. Once Defendants filed their Motion for Partial Summary Judgment Regarding Graco's Alleged Trade Secrets, Graco accelerated its expert review and disclosure process beyond what is called for by the Scheduling Order. However, the timing of Defendants' Motion, the operation of the Stipulated Discovery Confidentiality Order ("Confidentiality Order") [ECF No. 68], and Defendants' objections under that Order have prevented Graco from providing these experts with certain highly-relevant information that Defendants have designated Attorneys Eyes Only ("AEO") or Confidential.

35. Under the Confidentiality Order, parties are allowed to object to the provision of their information to independent experts. Defendants did not assert any specific objection to Dr. Rice or his affiliations. Instead, on April 29, 2010 (just two business days before Graco's responses to Defendants' Motions for Partial Summary Judgment were due), counsel raised a relevance objection

17

regarding Gama's second-generation product line, and objected to Graco providing information regarding that product line to Dr. Rice.

36. In addition, Defense counsel raised the issue of providing notice to Garraf. Graco has decided to seek guidance from Magistrate Judge Arpert regarding its ability to provide Garraf's AEO and Confidential information (which includes information regarding Defendants' first-generation product line) to Dr. Rice, so as to ensure that it is in compliance with the Court's Stipulated Discovery Confidentiality Order.

37. Graco has been precluded from showing the following information to its experts for analysis:

- All of the engineering drawings of the Gama products in question, including all drawings related to Gama's first-generation products (manufactured by Garraf). These documents contain the specific product dimensions and tolerances that Graco contends Defendants misappropriated, but Defendants have designated these documents AEO or Confidential under the Confidentiality Order.

- Certain documents and testimony from Brent Lucas, whom Defendants contend reverse engineered the Graco/Gusmer products at issue in this case. Again, Defendants have designated these documents AEO or Confidential under the Confidentiality Order.

- All documents produced by MDI relating to its alleged work on the design and manufacture of the second-generation equipment (manufactured by Gama USA), including the Gama Classic proportioner, Gama Vortex gun, and associated components. Defendants have designated these documents AEO or Confidential under the Confidentiality Order.

- The transcript of Mark Daugherty's deposition. Defendants have not yet notified Graco about which portions – if any – of this transcript and its exhibits they intend to designate as AEO or Confidential. As a result, it is not possible for Graco to determine what portions of the transcript or exhibits may be shared with an outside expert, and thus Graco has been refrained from sharing any portions of this transcript.

- All other documents and testimony regarding the Defendants second-generation equipment that Defendants designated as AEO or Confidential under the Confidentiality Order.

- The portions of Defendants' Motions for Partial Summary Judgment and the supporting affidavits and exhibits that Defendants redacted and/or filed under seal. This has deprived Dr. Rice of the opportunity to read the arguments Defendants are making in full context.

38. Under the Confidentiality Order, there is a defined procedure for Defendants to present their objections to Graco's expert to Magistrate Judge Arpert, which they will be required to do by May 17, 2010. Graco has also agreed to present to Magistrate Judge Arpert Defendants' concerns regarding whether Graco may provide documents defaulted-Defendant Garraf designated as AEO or Confidential to Graco's experts.

\* \* \*

39. Each of the above-described circumstances has prevented Graco from fully responding to Defendants' Partial Motions for Summary Judgment. As Graco obtains further discovery from Defendants and resolves issues related to disclosure of information to its experts, Graco will supplement its responses as necessary in order to provide a complete record to the Court.

FURTHER AFFIANT SAYETH NOT.

_____
Clifford M. Greene

Subscribed and sworn before me this
3rd day of May 2010.

_____
Notary Public



20