**STERNS & WEINROTH, P.C.**
50 West State Street, Suite 1400
Trenton, New Jersey 08610
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for Plaintiffs and Counterclaim Defendants*
  *Graco Inc. and Graco Minnesota Inc.*

RECEIVED

AUG 17 2010

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Graco Inc., a Minnesota Corporation; Graco Minnesota Inc., a Minnesota Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PMC Global, Inc., a Delaware Corporation; PMC Europe Investments, S.L., a Spanish Limited Liability Company; PMC, Inc., a Delaware Corporation; Denis S. Commette, a New Jersey Resident; Gama Machinery USA, Inc., a Delaware Corporation; Garraf Maquinaria S.A., a Spanish Corporation;<br><br>Defendants. | Civil Action No.<br>08-cv-01304 (FLW) (DEA)<br><br>DOCUMENT FILED ELECTRONICALLY<br><br>~~PROPOSED~~ ORDER |

THIS MATTER, having been opened to the Court by Plaintiffs Graco Inc. and Graco Minnesota Inc. (collectively "Graco"), by counsel, Sterns & Weinroth, A Professional Corporation, Greene Espel, P.L.L.P., and Faegre & Benson, LLP,

for entry of an Order granting Graco's Motion for Entry of an Order for default judgment and a permanent injunction against Garraf Maquinaria, S.A. ("Garraf") pursuant to Rules 37 and 65 of the Federal Rules of Civil Procedure or, in the alternative, for a preliminary injunction against Garraf pursuant to Rule 65(a), and all Defendants, through counsel, having received due notice of the Motion and having had the opportunity to be heard, and Garraf having been served with a copy of the Motion and the supporting documents via email and at its last known address, and the Court having considered the papers submitted in support of the Motion, hereby finds:

Pursuant to Federal Rule of Civil Procedure 37, that Garraf has committed repeated and serious violations of the rules governing discovery. The Court further finds that Garraf is itself directly responsible for its discovery violations, that Graco has been prejudiced by these violations, that Garraf had a long history of dilatoriness even before it discharged its counsel, that Garraf s conduct exhibits willfulness and bad faith, that no lesser sanction than default judgment will effectively punish Garraf s conduct and deter other parties in similar circumstances from engaging in similar conduct, and that Graco's claims have merit insofar as Graco's allegations (if established at trial) would support recovery against Garraf. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). In light of these findings, the Court enters default judgment against Garraf in this matter.

The Court further finds that Graco is entitled to immediate and permanent injunctive relief against Garraf. According to the allegations of Graco's Second Amended Complaint, Garraf has engaged in the manufacture of goods that are based upon and incorporate valuable trade secrets misappropriated from Graco. During this litigation, Graco sought to preliminarily enjoin Garraf from continuing to manufacture or sell these products, and otherwise from using or disclosing trade secrets misappropriated from Graco. The Court's finding with respect to Graco's entitlement to injunctive relief is not an adjudication on the merits of Graco's Second Amended Complaint or Graco's motion for preliminary injunction with respect to any of the Defendants other than Garraf; and has no probative or preclusive effect with respect to any of the Defendants other than Garraf.

In addition, the record now before the Court reveals that, despite its default, Garraf continues to manufacture and sell the products that form the basis of Graco's Second Amended Complaint against Garraf. Garraf also currently is doing business or attempting to do business in the United States on its own behalf.

In light of the judgment hereby entered against Garraf, and to prevent further injury to Graco, the Court finds that Graco is entitled to a permanent injunction against Garraf, as follows:

1. Garraf shall immediately and permanently cease manufacturing, marketing, promoting, advertising, distributing, selling, transferring, or disclosing

the designs of the G125A and G-200A Air Driven Proportioning Units; the G-140H Metering Unit; the G-250H Hydraulic Proportioning Unit; and any other similar products derived from or related to those units, whatever their names or model designations, including but not limited to the Gama Easy Spray and G20 Air Driven Proportioning Units and the Gama Original Series G30 and G50 Hydraulic Proportioning Units, as well as any and all parts or components of these units.

2. Garraf shall immediately and permanently cease manufacturing, marketing, promoting, advertising, distributing, selling, transferring, or disclosing the designs of the Master Spray Gun and the Star Spray Gun, as well as all similar products derived from or related to those units, whatever their names or model designations, including but not limited to the Cyclone Spray Gun, Cyclone II Spray Gun, and the MDI (Mechanical Direct Impingement) Spray Gun, and any and all parts or components of these guns.

3. Garraf shall immediately and permanently cease manufacturing, marketing, promoting, advertising, distributing, selling, transferring, or disclosing the designs of any equipment previously ever manufactured, marketed, sold, promoted, or developed by Gusmer Corporation or Gusmer Europe, S.L., including but not limited to parts or components of the Gusmer H-20/35 Hydraulic Proportioner, the Gusmer D Gun, or the Gusmer GAP Pro Gun.

4. In its marketing and promotional communications, Garraf shall

immediately and permanently cease making any direct or indirect reference to, or asserting or implying any present or past affiliation with, Gusmer Corporation, Gusmer Europe, S.L., or the name "Gusmer."

5. Garraf shall immediately and permanently cease doing any business of any kind within the United States of America and its territories. Garraf may not, directly or indirectly or through third persons, manufacture, market, sell, or promote any goods or services in the United States. Garraf may not contract or attempt to contract with any other person or entity to manufacture, market, promote, advertise, distribute, sell, or transfer any goods or services in the United States.

Pursuant to Federal Rule of Civil Procedure 65(d)(2), this Order is binding upon Garraf (including its heirs, successors, or assigns); Garraf's officers, agents (including distributors and independent contractors), servants, employees, and attorneys; and any other entities or persons who are in active concert with any entity or person described herein, to the extent they have received actual notice of this Order by personal service or otherwise. This Order does not apply to, has no legal effect whatsoever against, may not be used to restrain, nor is it probative on any issues being contested by, any of the Defendants other than Garraf, nor does it prevent any of the Defendants other than Garraf from selling or otherwise distributing Garraf products or parts already in that Defendant's possession,

custody, or control. This Order is entered as a sanction under Rule 37. It is binding on Garraf but has no effect on any other Defendant in this action.

Graco is also entitled to recover its reasonable attorney fees and expenses from Garraf for time spent attempting to get Garraf to provide reasonable and complete discovery responses and to produce witnesses for deposition, including the fees and expenses incurred in connection with the motion hereby granted. Graco is hereby given leave to submit affidavits or other evidence of the fees and expenses reasonably incurred on such activities.

Graco may seek to prove its entitlement to monetary damages or other relief from Garraf after the trial of this matter. This Order does not address the admissibility of the default judgment or the accompanying injunction against Garraf. The injunction entered by this Order is self-executing and does not require any further writs of execution, Court Orders, or other pleadings to be enforced. A file-stamped, executed copy of this Order shall be sufficient to compel compliance by Garraf and to support execution of the injunction by a foreign court or by State or Federal law enforcement officials in the United States.

Dated: _August 16_, 2010

_____
The Honorable Freda L. Wolfson, U.S.D.J.