UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GRACO, INC., et al.,** | : | Civil Action No.: 08-1304 (FLW) |
| Plaintiffs, | : | |
| v. | : | ORDER |
| **PMC GLOBAL, INC., et al.,** | : | |
| Defendants. | : | |

This matter having come before the Court on Motion by Plaintiffs Graco, Inc. and Graco Minnesota, Inc. (collectively, "Plaintiffs" or "Graco") to compel production of certain marketing documents [dkt. entry no. 472], returnable October 18, 2010; and Defendants PMC Global, Inc., PMC, Inc., PMC Europe Investments, S.L., Denis S. Commette, and Gama Machinery USA, Inc. ("Gama") (collectively, "Defendants" or "PMC") having submitted opposition; and Graco pointing out that it "alleges that Defendants violated the Lanham Act and New Jersey Fair Trade Act statutes by making false and misleading statements about the characteristics, qualities, and origin of their products, and that those statements have or are likely to confuse those to whom the statements were communicated" (Pl.'s Br. at 3); and Graco maintaining that "documents related to Defendants' marketing and promotional activities and communications are relevant to those claims" (*Id*.); and Graco stating that it "has made a good faith effort to obtain from Defendants marketing and financial documents" by way of "requests for production [served] on October 17, 2008 and January 7, 2010" (*Id*. at 1); and Graco noting that it seeks "documents regarding Defendants' marketing and promotion efforts" (*Id*. at 2; *see also* Pl.'s Decl. of Bethany D. Krueger, Ex. B at 15, ¶ 17), all "documents that constitute, describe, reflect or relate to Gama's advertisements and marketing communications relating to the pump and spray industry" (*Id*.; *see also* Pl.'s Decl. of Bethany D. Krueger, Ex. B at

16, ¶ 18), "Gama's marketing plans or studies" (*Id*.; *see also* Pl.'s Decl. of Bethany D. Krueger, Ex. B at 21-22, ¶¶ 45, 57), and "documents showing the recipients of their marketing efforts" (*Id*.; *see also* Pl.'s Decl. of Bethany D. Krueger, Ex. B at 12, ¶ 7); and Graco maintaining that "Defendants have failed to produce all documents responsive to these requests" in spite of "Graco's willingness to limit the scope of its requests" to "any document evidencing Defendants' business planning, marketing, and strategic decision making", "[any document] regarding Gusmer, Graco, and Garraf and their products", and "[any document] evidencing Defendants' marketing pitch" (*Id*. at 2-3); and Graco advancing three (3) arguments in support of its Motion: namely, (1) Graco points to a bulletin produced by Defendant Denis Commette and that bulletin's reference to a "market investigation" to advance the argument that "Defendants' own documents confirm that they have failed to produce all responsive marketing documents" (*Id*. at 4; *see also* Pl.'s Decl. of Bethany D. Krueger, Ex. A), (2) Graco points to a newsletter and letter produced by Spray Foam Polymers [dkt. entry no. 389, Ex. A; dkt. entry no. 384] and a document produced by Impact Polyurethane Chemicals [dkt. entry no. 424] to advance the argument that "third parties' document productions confirm that Defendants have failed to produce all responsive marketing documents", and (3) Graco notes that "objections regarding Gama USA's equipment related only to Graco's trade secrets claim and had no applicability to Graco's Lanham Act and New Jersey Fair Trade Act claims" to advance the argument that "Defendants' objections related to the equipment Gama USA is manufacturing were overruled by the Court" on September 1, 2010 (*Id.* at 6-7); and in opposition, PMC stating that "Graco petitions the Court to compel PMC to produce a number of documents that either do not exist, have already been produced, or have not been sufficiently identified (if at all) by Graco's requests" (Def.'s Opp'n Br. at 1); and PMC, noting that "Graco's moving papers do not offer a single

case cite", states that Graco "wholly ignores the discovery limitations that apply here, as well as the requisite standard it must meet to obtain the relief it seeks" (*Id*. at 2-3); and PMC maintaining that pursuant to *N'Jie v. Cheung*, 2010 WL 3259793, at *4 (D.N.J. 2010) and *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000), "Graco bears the burden to show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence" (*Id*. at 3); and PMC, admitting that "in the abstract" both "marketing and financial documents are relevant", maintains that Graco has failed "to explain how every internal and external communication between and among the PMC entites, Gama USA, Denis Commette, and countless others are reasonably relevant" or how "the entirety of information contained within PMC's general ledgers must be produced (despite knowing that PMC does not run such reports in the normal course of business)" (*Id*.); and PMC, citing *Mack v. Great Atlantic & Pacific Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989), *Nestle Foods Corp. v. Aetna Cos. & Surety Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990), and *Bowers v. Nat'l Collegiate Athletic Assoc*., 2008 WL 1757929 (D.N.J. 2008), states that "Graco's motion arises not from PMC's failure to comply with discovery obligations or lack of good faith, but from Graco's excessively broad and ill-defined requests and its failure to narrow them to something less than the universe of documents that any PMC-related entity has ever generated, touched, or seen" and maintains that "Graco must demonstrate that the burden outweighs the benefits" in this situation (*Id*. at 4); and PMC, citing *Bayer A.G. v. Betachem, Inc*., 173 F.3d 188 (3d Cir. 1999) and *City of Los Angeles v. Superior Court*, 196 Cal.App.2d 43, 748 (1961), maintains that "the sweeping language" set forth in Graco's "Request Nos. 17, 18, 30, 57, 7 and 45" is "fatally flawed" and would "capture essentially every document Gama USA has ever generated" (*Id*. at 5-6); and PMC, noting that it "agreed to produce a more reasonably limited set of relevant and responsive documents" after

3

objecting to Graco's requests "on grounds of overbreadth", states that it "never claimed to have produced every document" and was not "required to" because Graco failed to set forth discovery requests with "reasonable particularity" pursuant to FED. R. CIV. P. 26(b)(1) and *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177, 180 (E.D.N.Y. 1966) (*Id*. at 6-7); and PMC, noting that with respect to "the May 2010 announcement" about "Gama's new equipment", "Defendants have long-standing objections to Graco's effort to seek discovery with respect to a product line Graco does not and cannot accuse of any trade secret misappropriation", claims that Graco "has no Rule 11 basis to seek further discovery about these products" and continues to "erroneously contend that the Court's September 1, 2010 ruling...applies to all discovery requests ever propounded" (*Id*. at 7-8); and PMC stating that it "conducted a reasonable and diligent search for marketing materials as to the Gama Classic and Vortex lines", and, while continuing "to dispute the relatedness of the new equipment, ...[it has] nonetheless produced non-privileged responsive documents as of October 1" thereby making "Graco's pending motion on this issue...moot" (*Id*. at 8); and PMC stating that Graco "should not be surprised that Defendants were not apprised of the universe of all documents as of mid-2009...or that Gama USA's business continued to operate thereafter", reiterates that it "does not deny that a version of the newsletter was...sent, but...[is] at a loss as to what Graco thinks this proves, or what possible evidentiary value the cover emails or the newsletters themselves could possibly have" (*Id*. at 8-9); and PMC, maintaining that Graco did not "specifically call out documents related to Gusmer mottos or specific tag lines" and "only now takes issue with their omission without ever having raised this issue with PMC", argues that Graco's "extraordinarily broad requests do not help to shed any light on what Graco was actually seeking" (*Id*. at 9); and PMC stating that it has "diligently and in good faith produced a cornucopia of

4

marketing documents...in [an] effort to fully respond to Graco's requests even in light of lingering ambiguities" and that it has "explained that [it] had not, and would not, produce every communication" (*Id*. at 9-10); and PMC arguing that "Graco seeks to compel documents that it never requested in the written discovery it propounded" and asserts for the first time in its Motion "that PMC should have produced documents related to a market investigation" without pointing to "a single document request propounded...that asks PMC to produce documents about a market investigation" (*Id*. at 10-11); and PMC stating that it "undertook a reasonable and diligent search for further responsive documents" but that "there are no studies or documents reflecting some kind of formal marketing investigation" (*Id*. at 11); and the Court noting that pursuant to FED. R. CIV. P. 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"and "the court may order discovery of any matter relevant to the subject matter involved in the action", whereby "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence"; and the Court noting that pursuant to FED. R. CIV. P. 34(a)(1), "a party may serve on any other party a request within the scope of Rule 26(b)...to produce and permit the requesting party or its representative to inspect, copy, test, or sample...items in the responding party's possession, custody, or control"; and the Court noting that pursuant to *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000), these rules have been construed liberally, "creating a broad range for discovery which would encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" although "the party seeking discovery has the burden of showing that the information sought is relevant to the subject matter of the action and may lead to admissible evidence"; and the Court noting that pursuant to FED. R. CIV. P. 37(d), sanctions may be ordered if,

5

after conferring or attempting to confer in good faith, "a party, after being properly served with interrogatories...or a request for inspection...fails to serve its answer, objections, or written response"; and the Court noting that PMC has admitted that marketing documents are relevant (Def.'s Opp'n Br. at 3); and the Court having reviewed the parties' written submissions; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and good cause having been shown; and for the reasons stated above;

**IT IS** on this 14th day of February, 2011,

**ORDERED** that Plaintiff's Motion to compel marketing documents [dkt. entry no. 472] is **GRANTED** as follows and responses shall be produced by **March 4, 2011**:

> (1) The Court finds Graco's request to compel documents evidencing Defendants' business planning, marketing and strategic decision making relevant and reasonably calculated to lead to admissible evidence. As such, Defendants are directed to produce any/all existing information not previously produced related to business, marketing, or strategic plans or studies for Gama or the Gama enterprise (Gama USA in conjunction with other entities such as Gama China or Garraf Mquinaria) – specifically, in order to limit the broad range/scope of this request, Defendants shall produce formal or informal plans or studies and any communications regarding these plans or studies such as planning meeting agendas/minutes/task lists, Powerpoint Presentations, and emails.
>
> (2) The Court finds Graco's request to compel communications with customers regarding Gusmer, Graco, and Garraf and their products relevant and reasonably calculated to lead to admissible evidence. As such, Defendants are directed to produce any/all existing: (a) communications between Defendants and their customers that reference Gusmer or Graco or their products; (b) communications between Defendants and their customers that address/discuss Defendants' relationship with Garraf, describe Garraf or its principals, discuss the manufacture or design of Garraf's products, or compare or equate Gama products to Gusmer's or Graco's products; (c) communications with customers that are relevant and responsive to other requests made by Graco.

(3) The Court finds Graco's request to compel communications evidencing Defendants' marketing pitch relevant and reasonably calculated to lead to admissible evidence. As such, Defendants are directed to produce any/all existing documents reflecting Gama's advertising and representations to customers and the public – specifically, in order to limit the broad range/scope of this request, Defendants shall produce, including with respect to Defendants' new equipment, advertisements and marketing communications relating to the pump spray industry as identified in Defendants' Rule 26(a) disclosures including advertisements, trade show materials, newsletters, material prepared for dissemination to customers, interviews, and press releases.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**